This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the County of Summit Department of Human Services ("DHS"), appeals the decision of the Summit County Court of Common Pleas which affirmed the decision of the County of Summit Human Resources Commission ("HRC"). This Court vacates.
 I. {¶ 2} Appellee, Emanuel Janikis, was employed by the DHS from May 23, 1989, through May 27, 1999. On May 27, 1999, Janikis was asked to turn in his resignation and was advised that he was being placed on administrative leave effective immediately. Janikis was told that if he did not resign, his employment with the county would be terminated. In addition, Janikis was offered the opportunity to sign a release and receive pay for a few months so that he could find other employment. Janikis refused to resign and he declined to sign the release. On May 28, 1999, Janikis was placed on administrative leave and remained on administrative leave until August 27, 1999.
 {¶ 3} On July 1, 1999, a pre-disciplinary conference was held. After hearing the testimony, Robert Holland, Summit County's Director of Administration-Operations, concluded that there was just cause to terminate Janikis' employment with DHS. Janikis was permanently removed from his position on July 8, 1999.
 {¶ 4} Janikis appealed his termination to the HRC. The hearing officer found that there was "no just cause" for Janikis' termination and recommended that Janikis be permitted to resign from his employment with the county. The HRC affirmed the hearing officer's decision. At no point was Janikis ordered reinstated. On July 7, 2000, DHS appealed the decision of the HRC to the Summit County Common Pleas Court. The common pleas court affirmed the decision of the HRC.
 {¶ 5} DHS timely appealed, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE SUMMIT COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW WHEN IT HELD THAT APPELLANT WAIVED JUDICIAL REVIEW OF SUBJECT MATTER JURISDICTION."
 SECOND ASSIGNMENT OF ERROR "THE SUMMIT COUNTY COURT OF COMMON PLEAS ERRED AS A MATER OF LAW WHEN IT FAILED TO DECIDE WHETHER APPELLEE WAS AN UNCLASSIFIED EMPLOYEE"
 THIRD ASSIGNMENT OF ERROR "THE SUMMIT COUNTY COURT OF COMMON PLEAS ERRED IN HOLDING THAT THE SUMMIT COUNTY HUMAN RESOURCE COMMISSION'S DECISION WAS SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE."
 {¶ 6} As a preliminary matter, this Court must determine if the common pleas court had jurisdiction to hear the appeal from the HRC. R.C. 2506.01 states, in relevant part:
 "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.
"***
 "A `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."
 {¶ 7} In the case sub judice, the HRC affirmed the decision of the hearing officer. The hearing officer concluded there was no "just cause to discipline" Janikis and recommended the following:
 "1. Emanuel Janikis be permitted to resign from his employment with Summit County retroactively, effective 5/27/99.
 "2. The personnel records of Emanuel Janikis contained in his personnel file and authored between the dates of May 27, 1999 through the date of this Order be sealed, and only released to third parties upon the written consent of Emanuel Janikis and/or a Court Order authorizing same.
 "3. Emanuel Janikis be provided with a neutral letter of reference regarding his tenure with Summit County, to be authored and signed by the appropriate County personnel.
 "4. Emanuel Janikis to be paid his regular wages as a measure of damages for the period of his unemployment, (for which he has not already been compensated), not to exceed six consecutive calendar months.
 "5. Emanuel Janikis to be offered the option of mediation to resolve any remaining issue between himself and the County. Mediation to be scheduled at the parties' mutual convenience. Summit County to pay all mediation fees and costs. The parties shall mutually choose and agree upon a mediator."
 {¶ 8} The HRC affirmed the hearing officer's decision. However, neither the hearing officer's decision nor the HRC's order fully determines Janikis' "rights, duties, privileges, benefits, or legal relationships." The HRC's order did not reinstate Janikis to his position at the DHS. Rather, a preliminary decision is made that "just cause" for discipline did not exist and the recommendation was made to give Janikis the option of resigning — an option he had before the hearing officer made her recommendations. Therefore, the HRC's decision was not a final order. Accordingly, we conclude that the court of common pleas did not have jurisdiction to review the decision. Consequently, this Court does not reach the merits of DHS' appeal.
 III. {¶ 9} The decision of the Summit County Court of Common Pleas is vacated.
BATCHELDER, J. CONCUR.